772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MONROE HILL, PLAINTIFF-APPELLANT,
v.
UNITED STATES OF AMERICA, DEFENDANT-APPELLEE.
 NO. 83-1699
 United States Court of Appeals, Sixth Circuit.
 8/28/85
 
 E.D.Mich., 762 F.2d 1008
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 This is the opinion on the rehearing of this case. This court's March 26, 1985 opinion is herewith vacated.
 
 
 2
 Appellant Monroe Hill (Hill) was convicted of eight counts of knowingly making materially false statements for the purpose of obtaining favorable transaction terms on purchases from the United States Department of Housing and Urban Development (HUD), violations of 18 U.S.C. Sec. 1010. A direct appeal was taken to this court and resulted in an affirmance of the jury verdict. United States v. Hill, 688 F.2d 18 (6th Cir.), cert. denied, ---- U.S. ----, 103 S.Ct. 498 (1982) (per curiam). Subsequently, he brought this pro se habeas petition which the district court dismissed, alternately, as 'substantially unintelligible', j.app. 269, 'very strange', j.app. 271, 'unsupported and indeed frivolous', id., 'legally insufficient', j.app. 272, 'silly', an 'imaginative recreation of the record', and 'unworthy of comment', j.app. 273. Nevertheless, taking five pages, the district court addressed each of the discernible claims in Hill's fifteen page habeas petition. The writ was denied. There followed this appeal.
 
 
 3
 This habeas petition results in part from dicta in the published per curiam which affirmed the conviction. Therefore, a brief review of the circumstances of that appeal is warranted.
 
 
 4
 On the direct appeal, as during trial, Hill was represented by appointed counsel, Christopher R. Odette (Odette). On that appeal, Odette raised two issues: (1) prejudice resulting from one alternate juror's exposure to a 'Reader's Digest' manual on the law; and (2) abuse of discretion in sentencing. Following the briefing, Hill instructed his attorney to present nine additional arguments on appeal. Odette moved this court for permission to do so (explaining the circumstances) and the court granted the motion. 688 F.2d at 19.
 
 
 5
 Counsel then filed a brief raising three of those issues together with a statement authorized under Anders v. Califano, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to the effect that none of those three issues had any merit. Hill, acting pro se, then filed his own brief addressing seven issues, which the court reviewed. Two of those issues are relevant to the case at bar.
 
 
 6
 The first issue was an allegation of impermissible commentary by the prosecutor during the testimony of one Debra Jones. The appeals court stated that the statements Hill said were made were not in the record. 688 F.2d at 21. The panel speculated that the statements might have been made during an off-the-record side-bar conference, id., but concluded the jury did not hear them, if made.
 
 
 7
 The second relevant issue was a claim of ineffective assistance of counsel. The panel refused to consider that claim because it had not been first addressed to the trial judge. Id. The court then stated that Hill would be entitled to raise the allegation in a properly-pleaded habeas petition. The instant petition is apparently Hill's response to that invitation.
 
 
 8
 Although he raised six issues in his original petition, his pro se appeal brief discusses only three, which may be summarized as follows:
 
 I. Double Jeopardy
 
 9
 On November 19, 1980, Hill was indicted on 5 counts of violating 18 U.S.C. Sec. 1010. He was arraigned December 2, 1980 on that indictment (No. 80-50050).
 
 
 10
 On January 3, 1981, Hill was charged with an additional 9 counts of violating Sec. 1010 and arraigned on January 15, 1981 (No. 81-5000(1)).
 
 
 11
 Hill now asserts that the second indictment issued in violation of his protections against double jeopardy.
 
 
 12
 II. Improper court reporting.
 
 
 13
 Hill alleged prejudicial commentary by the prosecutor during the testimony of Debra Jones and asserts that the record should be corrected to incorporate those comments.
 
 
 14
 III. Ineffective assistance of counsel.
 
 
 15
 Hill generally alleges his counsel was not knowledgeable and unprepared for trial. He also alleges ineffective assistance reflected in the Anders statement.
 
 
 16
 As to these three issues, the district court stated:
 
 
 17
 Petitioner has filed a very strange motion to 'Amend Trial Transcript Volume IV Pages 255 and 258.' * * * The petitioner's request . . . contains patently false statements. The record shows that the prosecutor did not interject remarks to the jury. . . . In short the petitioner's request is unsupported and indeed frivolous and is denied as is the statement that anything was omitted on the record. * * * The petitioner's possible imaginative recreation of the record is simply false and were it not for the fact it causes unnecessary work, would be humorous.
 
 
 18
 J.App. 270-71, 273. The lower court also noted:
 
 
 19
 Ground #3 of the petition asserts a generalized claim of ineffective assistance of counsel. As a generality, this claim is legally insufficient. The attempted particularization of the allegations which follow are intelligible. . . .
 
 
 20
 Ground #4 of the petition seems to be a continuation of the alleged ineffective assistance of counsel claim. These allegations simply do not establish, even if true, an ineffective assistance of counsel claim. Where the Court of Appeals has affirmed a conviction on the merits, any claim that the defendant after conviction failed to move for a new trial or to stay judgment or to stay execution of sentence, is simply not valid on its face. In addition, the fact that counsel agreed with the trial judge's rulings does not establish ineffective assistance of counsel. An examination of the petitioner's petition and the entire record clearly indicates that petitioner is not entitled to relief.
 
 
 21
 J.App. 272.
 
 
 22
 The lower court adjudged the double jeopardy claim as 'unworthy of comment'. J.App. 273.
 
 
 23
 On appeal, the panel views the only arguable issue articulated by Hill as the effective assistance of counsel claim. The appellate issue therefore is: Does Hill articulate any specific errors, United States v. Cronic, ---- U.S. ----, 104 S.Ct. 2039 (1984), which overcome the presumption that his counsel was reasonable effective and which demonstrate a reasonable probability that but for those errors, he would not have been convicted. Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052 (1984).
 
 
 24
 He claims that his counsel was ineffective both at trial and on the direct appeal. Specifically he asserts that Odette did not meet with him often enough prior to trial, that he failed to investigate the case prior to trial, to question witnesses before trial, or otherwise to prepare adequately for trial. He argues that Odette failed to capitalize on a mistake Debra Jones made about what Hill had told her regarding his scheme, and that Odette failed to object to the remarks which Hill still claims that the prosecutor made to the jury during her cross-examination. He also contends that Odette failed to move to suppress the testimony of a Federal Bureau of Investigation agent regarding admissions made by Hill, that Odette failed to object to the way in which the trial court chose to cure the problem of the juror who brought the 'Readers Digest' volume into the jury room, and that Odette wrongly failed to object to the pre-sentence report. He complains that Odette filed an unauthorized appeal and then filed an Anders brief on some of the issues.
 
 
 25
 Finally, he complains of Odette's stipulation to the accuracy of the presentence report.
 
 
 26
 One of Hill's claims is based on a factual inaccuracy. Despite his allegation to the contrary, the prosecutor made no remarks to the jury during the cross-examination of Debra Jones. This was established on the direct appeal and the claim is therefore without merit.
 
 
 27
 Some of Hill's complaints about Odette's representation have no merit whatsoever because Hill had, implicitly or explicitly, approved Odette's actions at the time. He concurred in Odette's failure to object to the factual statements in the pre-sentence report. Both Odette and Hill took the opportunity to comment on the pre-sentence report. Hill had also concurred in Odette's decision to withdraw his motion to suppress the agent's testimony about his admissions.
 
 
 28
 Odette elected not to object to the manner in which the trial court handled the problem of the alternate juror who brought the 'Readers Digest' into the jury room. The trial court's action was approved by this court in its decision on the direct appeal. Hill, 688 F.2d at 19-20. This court likewise approved Odette's filing of an Anders brief by agreeing that those claims were without merit. Id. at 21.
 
 
 29
 Hill's general claims regarding the adequacy of Odette's pretrial preparation and trial strategy must be considered in light of two recent United States Supreme Court decisions. United States v. Cronic, ---- U.S. ----, 104 S.Ct. 1039 (1984), and Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052 (1984). In Cronic, the court held that ineffectiveness cannot ordinarily be presumed from surrounding circumstances. A defendant claiming that his counsel was ineffective must point to specific errors warranting such a conclusion. In Strickland, the court held that in order to obtain reversal of his conviction, a defendant must first overcome a strong presumption that his counsel was reasonably effective considering all the circumstances. Second, the defendant must demonstrate that there was a reasonable probability that but for his counsel's errors he would have been acquitted.
 
 
 30
 Hill's contention that his conviction should be reversed because Odette was ineffective must fail under the analysis mandated by Cronic and Strickland.
 
 
 31
 Hill specified as trial error Odette's failure to act on Jones's mistake regarding his scheme to defraud HUD. Specifically, Jones apparently misnamed the banker who would receive the application form. Jones testified that Hill told her to sign the documents, which he had falsely informed her concerned another property that Jones did own, so he could give them to the banker who had to approve her mortgage. The name of the banker was insignificant and even if the attorney erred, it was utterly harmless.
 
 
 32
 Hill's general complaints that Odette did not adequately prepare for trial fall far short of demonstrating that Odette failed to provide reasonably effective assistance. Odette did meet with Hill to discuss trial strategy, and did file a motion to dismiss certain counts of the indictment, as well as a motion to suppress the F.B.I. agent's testimony (later withdrawn with Hill's approval).
 
 
 33
 Moreover, Hill has not pointed to, and this court has not found, anything which Odette did that he should not have done or anything which he did not do that he should have done which would probably have changed the result of the trial. Strickland, supra. The government's case essentially rested on the testimony of three women, Deloise Nix, Hill's former live-in girlfriend; Patricia Boyce, a former client of Hill's; and Debra Jones, Hill's part-time secretary. Each of the women testified that Hill convinced each to sign various HUD documents. All three testified they did not actually buy the houses that the documents were used to purchase. Each testified that they had been unaware of the use to which Hill put the documents containing her signature. Odette cross-examined each of them, but the jury apparently believed the witnesses and convicted Hill. The trial judge believed them as well, explaining to Hill:
 
 
 34
 The evidence was overwhelming. People who had no motive to lie testified to the conduct of yours. And you, [Hill] of course, responded on the basis that they were lying no motive was ever suggested.
 
 
 35
 Therefore, and or the reasons set forth in the opinion of the district court, the denial of Hill's habeas petition is AFFIRMED.
 
 
 
 *
 Hon. William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation