856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wisam SADIK, Defendant-Appellant.
 No. 87-2247.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1988.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Wisam Sadik, appeals from a jury verdict finding him guilty of one count of arson in violation of 18 U.S.C. Secs. 2 & 844(i) (1982), and three counts of mail fraud involving insurance claims on the burned building and its contents in violation of 18 U.S.C. Sec. 1341 (1982). Defendant was acquitted on two counts of solicitation to commit arson. Defendant raises two issues on appeal: (1) that an alleged inconsistency between the verdicts mandates reversal of his conviction and (2) that he was denied his Sixth Amendment right to effective assistance of counsel by trial counsel's failure to request the appointment of an interpreter. We find neither of these assignments of error meritorious and affirm defendant's convictions.
 
 
 2
 In 1983 defendant purchased a building in River Rouge, Michigan on a land contract. The defendant operated a party store on the ground floor and leased two second floor apartments. On May 22, 1985 the City of River Rouge notified defendant of several building code violations and demanded correction within 30 days. Defendant obtained an estimate of the repairs from Mr. John Cassity who estimated the cost of repairs to be $7,500.00. Defendant allegedly commented to Cassity that it would be cheaper to burn the building than pay for the repairs. The building was insured by the Michigan Basic Insurance Co. under two policies aggregating $65,000.00 issued on May 8 and June 7, 1985. Sometime in June 1985 defendant allegedly told Cassity he was running out of time to make the repairs and allegedly offered Cassity $1,000.00 to burn the building. Cassity, an F.B.I. informant, refused the offer and contacted the Bureau. On September 11, 1985 the City notified the defendant that a final inspection would be conducted on October 8, 1985.
 
 
 3
 On the morning of September 24, 1985 defendant called the River Rouge Police Department to report that he smelled gasoline in his building. When an investigating officer attempted to accompany the defendant upstairs to the second floor apartments to investigate, however, the defendant stopped him and said he would open the windows. At 2:50 a.m. on September 25, 1985, the River Rouge police received a report that defendant's party store was on fire. After the fire was extinguished investigators found a container of gasoline on the second floor. Samples of the burned areas revealed evidence of both gasoline and turpentine. The River Rouge Fire Marshal concluded that the fire was caused by arson. Mr. Billy Robbins, an employee of the defendant, later allegedly confessed to the Fire Marshal that defendant had given him the gasoline and paid him to start the fire because the defendant did not want to pay to repair the building. At trial Mr. Robbins denied both setting fire to the business and the defendant's solicitation of this act.
 
 
 4
 On September 28, 1985 defendant hired a private insurance adjustor to submit claims on the policies for the building and contents. The adjustor prepared proofs of claim and other documents and mailed these documents. The mail fraud counts in the indictment were based upon these mailings.
 
 
 5
 Defendant frames his argument based on the inconsistency of the verdicts in terms of the sufficiency of the evidence. Because the verdict acquitted defendant of solicitation to commit arson he argues that the evidence which supported those counts may not be considered in determining the sufficiency of the evidence in defendant's arson conviction. Defendant reasons that the jury must have disbelieved the government's proof that the defendant solicited Mr. Robbins or Mr. Cassity to set the fire and therefore the defendant himself could not be found guilty of arson since the government's theory at trial was that defendant was guilty of arson only through Mr. Robbins' or Mr. Cassity's actions. This argument is specious.
 
 
 6
 The Supreme Court has stated unequivocally that consistent verdicts are not required. See Dunn v. United States, 284 U.S. 390, 393 (1932). See also Harris v. Rivera, 454 U.S. 339, 345 (1981). The standard of review on appeal of an inconsistent verdict recognizes the wide province of the jury. Dunn, 284 U.S. at 393. This rule ensures that the inconsistent acquittal will not nullify the properly determined verdict of the jury on other counts. In the case at bar, the jury could have disbelieved the government's proof that Mr. Robbins set the fire in favor of a theory that the defendant set the blaze himself or that he paid someone other than Mr. Robbins to accomplish the same. Having found him guilty of the arson, the jury might have decided to be lenient and not convict defendant of additional related counts. No basis exists to reverse defendant's conviction based upon the inconsistency of the verdicts.
 
 
 7
 Defendant argues for the first time on appeal that he was denied constitutionally effective representation because his trial counsel failed to request the appointment of an interpreter. Absent an adequate record on appeal this court will not address a claim of ineffective assistance of counsel if not presented before the district court. United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982); United States v. Chapman, 549 F.2d 1075, 1077 (6th Cir.1977). To our knowledge, defendant has not made any post-judgment motions or otherwise brought this issue to the attention of the district court. Although we may review a claim of ineffective assistance which was not presented to the court below if the record is sufficiently developed regarding the issue, see United States v. Nero, 733 F.2d 1197, 1207 (7th Cir.1984), this exception is not applicable in this case.
 
 
 8
 The record before this court is inadequate to permit us to address defendant's ineffectiveness of counsel claim. No record exists as to whether the defendant's trial counsel considered the appointment of an interpreter, discussed the issue with his client, or declined to file such a motion. Nor do we have the trial court's assessment of the defendant's ability to comprehend the proceedings nor whether an interpreter was in fact essential. Absent an adequately developed factual record or the trial judge's evaluation of the issue, we decline to entertain defendant's ineffective assistance of counsel claim. We therefore affirm the judgment of the district court on this issue without prejudice to allow the defendant to raise his ineffective assistance claim in a proper post-conviction proceeding under 28 U.S.C. Sec. 2255 (1982). See Hill, 688 F.2d at 21.
 
 
 9
 AFFIRMED.