UNITED STATES of America, Plaintiff-Appellee,

v.

Monroe HILL, Defendant-Appellant.

No. 81-1266.

United States Court of Appeals, Sixth Circuit.

Argued March 12, 1982.

Decided Sept. 7, 1982.

Certiorari Denied Dec. 6, 1982. See 103 S.Ct. 498.

---

* The Honorable Carl Rubin, U. S. District Judge for the Southern District of Ohio, sitting by designation.

Christopher R. Odette, Flint, Mich. (Court-appointed), for defendant-appellant.

Leonard R. Gilman, U. S. Atty., Detroit, Mich., Robert W. Haviland, Asst. U. S. Atty., Flint, Mich., Marc L. Goldman, Ann Arbor, Mich., for plaintiff-appellee.

Before ENGEL and MARTIN, Circuit Judges, and SPIEGEL,* District Judge.

PER CURIAM.

Monroe Hill was convicted, after a jury trial, of eight counts of knowingly making materially false statements to an agent of the United States Department of Housing and Urban Development, "for the purpose of influencing the action" of the department, in violation of 18 U.S.C. § 1010. In his initial appeal brief and at oral argument Hill raised two issues. However, during oral argument this court granted Hill's Motion to Amend his brief in order to raise an additional nine issues. This motion had been prompted by a letter from Monroe Hill to his attorney specifically requesting that the new issues be presented on appeal. Counsel for appellant has now filed a supplemental brief which raises only three of the nine additional arguments listed in his Motion to Amend. Counsel has advised this court, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that each of the issues raised in his supplemental brief are without merit. Counsel's supplemental brief makes no reference to the other arguments listed in his Motion to Amend. Monroe Hill has filed an

---

* Hon. S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

affidavit in this court acknowledging receipt of the supplemental brief, and has submitted his own brief raising seven of the nine additional arguments listed in the Motion to Amend, as well as numerous other challenges to his conviction. Having carefully considered the arguments raised in appellant's initial and supplemental briefs, as well as the arguments raised in appellant's *pro se* brief, we affirm the judgment of the district court.

█ In his initial brief, Hill claims that his right to a fair trial was abridged when one of the fourteen jurors originally empanelled brought a Reader's Digest book about law into the jury room during the course of the trial and when he and another juror both read parts of the book, all without the permission of the court. This argument is without merit. First, there is no indication of any prejudice whatsoever to the defendant as a result of this incident. The juror who brought the book into the jury room was dismissed from the jury by stipulation of counsel before deliberations began, and testified in chambers that he had not discussed what he read with any other juror. The only other juror who had looked at the book testified in chambers that she read only a section about bankruptcy, an area of law unrelated to the case at hand. In any event, she was dismissed from the jury before deliberations by a random draw. (Trial began with fourteen jurors, including two alternates to be dismissed by random draw before deliberations began.) In addition, the district judge took immediate steps to remove the book from the jury room and to insure that no other jurors had read any part of the book or discussed the book with the first two jurors. The trial judge also gave very strong curative instructions to the jury.

█ Given this absence of prejudice, Hill appears to argue for a *per se* rule of reversal whenever a jury is exposed to extrinsic legal materials. We reject such a rule; there must be at least some likelihood that the extrinsic materials could have affected the jury verdict in order to justify a new trial. *See United States v. Duncan,* 598

F.2d 839, 866 (4th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979) (law books); *cf. United States v. Vasquez,* 597 F.2d 192, 193, 193 n.1 (9th Cir. 1979) (extrinsic evidence); *United States v. Marx,* 485 F.2d 1179, 1184 (10th Cir. 1973), *cert. denied,* 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974); *Paz v. United States,* 462 F.2d 740, 745 (5th Cir. 1972), *cert. denied,* 414 U.S. 820, 94 S.Ct. 115, 38 L.Ed.2d 52 (1973); *United States v. Adams,* 385 F.2d 548, 550–51 (2nd Cir. 1967); *Osborne v. United States,* 351 F.2d 111, 118–19 (8th Cir. 1965); *United States v. Grady,* 185 F.2d 273, 275 (7th Cir. 1950); *see also In Re: Beverly Hills Fire Litigation,* 686 F.2d 385 at 393 (6th Cir. 1982).

█ Finally, we reject Hill's claim for the additional reason that his attorney not only failed to make a motion for mistrial based on this incident, but stated on the record that he had no objection to the way in which the trial court handled the incident.

█ Hill's second claim in his initial brief is that the district court abused its discretion when it imposed sentence, because the court relied in part on assertions made in a presentence report of prior criminal activities by Hill, activities for which Hill has never been arrested, indicted, or convicted. However, such information is highly relevant to the sentencing decision, and was properly considered by the trial judge under 18 U.S.C. § 3577 notwithstanding the fact that Hill has never been prosecuted or convicted for any prior criminal activity. *Smith v. United States,* 551 F.2d 1193, 1196 (10th Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977); *see generally Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). Hill does not claim that any of the information in the presentence report about his criminal history is materially false so as to justify our vacating the sentence, *see United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), and in fact did not comment on or contest any of the facts in the presentence report when he was given the chance to do so in the district

court. Indeed, Hill's attorney represented to the district court that the presentence report was factually accurate to the best of his knowledge. Under these circumstances Hill may not challenge the accuracy of the report on this appeal. *See United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) (per curiam).

Appellant's first claim in his supplemental brief is that he was denied a fair trial when the prosecutor attempted to rehabilitate one of the impeached government witnesses by arguing to the jury in his closing that the witness was unsophisticated and naive. This was nothing more than a credibility argument by the prosecutor and was clearly permissible. Hill's second claim in his supplemental brief is that the trial judge was not fair and impartial, that his remarks during sentencing demonstrate that he had prejudiced Hill to be guilty before the jury returned with its verdict. In our opinion, the remarks of the trial judge at sentencing merely demonstrate his opinion that the evidence of appellant's guilt adduced at trial was overwhelming, and nothing more.

In his *pro se* brief, Hill argues that the prosecutor made impermissible statements of fact to the court and jury before and during the testimony of one Debra Jones, a government witness, for the purpose of expanding upon the testimony of Ms. Jones and rehabilitating the witness during defense counsel's cross-examination of her. *Pro Se* Brief at 10. Our careful review of the record reveals no such statements by the prosecutor. Hill may be referring to statements he overheard during an off-the-record discussion at the side-bar between counsel and the trial judge, but there is no indication on the record before us that the jury heard any of the statements alleged.

Hill further claims that two of the three key government witnesses were given immunity in exchange for their testimony against him and that one of these witnesses' 1977 nervous breakdown was "conceal[ed] by agreement at a pretrial hearing". *Pro Se* Brief at 11. Whatever the legal significance of these claims may be, they are wholly unsupported by the record. Hill also argues that the indictment was so vague that it did not inform him of the charges against him, that there was a variance between the indictment and the proof at trial, and that the vagueness of the indictment sets a potential double jeopardy trap for the defendant by permitting successive prosecutions in the future based on the same actions for which Hill was convicted in this case. Our review convinces us that these claims are altogether without merit.

Finally, counsel for Hill in his supplemental brief and Hill in his *pro se* brief argue that Hill was denied his right to the effective assistance of counsel at trial in violation of the Sixth Amendment. *See* Defendant's Brief at 7–9; *Pro Se* Brief at 3–9 (Arguments I–III), 15 (Argument VI—failure of defense counsel to keep defendant properly informed during trial). Hill's Sixth Amendment argument attacks certain actions of the trial judge in addition to claiming that defense counsel's pretrial investigation, preparation and trial performance were inadequate. These claims depend in large part upon matters outside the present record, since the issue of ineffective assistance of counsel was not raised in the district court. Under these circumstances, we cannot properly evaluate Hill's Sixth Amendment claim. Instead, we affirm the judgment of the district court without prejudice to Hill's right to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255. This is the customary procedure followed in this situation by the various Circuits. *United States v. Kazni*, 576 F.2d 238, 242 (9th Cir. 1978); *United States v. Gray*, 464 F.2d 632, 634 n.1 (8th Cir. 1972); *see United States v. Aulet*, 618 F.2d 182, 185–86, 186 n.3 (2nd Cir. 1980); *United States v. Schreiber*, 599 F.2d 534, 538 (3rd Cir.), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979); *United States v. Rodriguez*, 582 F.2d 1015, 1016 (5th Cir. 1978). As the Eighth Circuit noted in *United States v. Gray, supra*,

[t]he allegations of ineffective assistance of counsel, raised by the defendant in his

*pro se* brief, are not properly before the court at this time. An adequate post-conviction procedure is afforded by 28 U.S.C. § 2255 for developing a factual record to support these allegations, if they can be so supported. That procedure obviates the deciding of the issue without opportunity for all parties to unfold the facts.

464 F.2d at 634 n.1.

AFFIRMED.