782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
EUSTRATIONS GALAS, Defendant-Appellant.
 84-1850
 United States Court of Appeals, Sixth Circuit.
 12/26/85
 
 Before: ENGEL and KENNEDY, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Eustratios Nicholas Galas appeals his jury conviction in the United States District Court for the Eastern District of Michigan on charges of conspiracy to possess with intent to distribute heroin, possession of heroin with intent to distribute, aiding and abetting, and unlawful carrying of a firearm during the commission of a felony, in violation of 21 U.S.C. Secs. 846, 841(a)(1) and 18 U.S.C. Secs. 2, 924(c)(2).
 
 
 2
 On December 16, 1983, Galas, along with two other men, John Oliver Hatton and Tahssen Bazzi, was arrested in Detroit, Michigan, by agents of the Drug Enforcement Agency and the Bureau of Alcohol, Tobacco and Firearms. When arrested, Galas was in the front passenger seat of an automobile owned by Hatton. Beside him on the front seat was a package of approximately one kilogram of heroin. The agents found one handgun in Hatton's possession and later, during an inventory search, discovered another handgun under the front passenger seat. Neither gun was registered in Michigan. At trial, a prosecution witness further testified that Galas was present at earlier narcotics negotiations, although he conceded that the negotiations were conducted primarily in Arabic, a language that Galas did not speak. He further testified that Galas had a handgun in his possession on the evening of the arrest. Galas declined to testify on his own behalf.
 
 
 3
 Galas stood trial alone and was convicted on the three counts brought against him. On appeal, Galas raises the argument, not considered below, that he was deprived of his Sixth Amendment right to assistance of counsel. He contends that his counsel's advice to decline to testify, based on fears stemming from Galas' limited command of the English language, constituted ineffective assistance of counsel. He reasons that his counsel could readily have discovered Galas' right to an interpreter and, with an interpreter present, would have allowed Galas to present his exculpatory testimony.
 
 
 4
 The government contends that Galas' claim of ineffective assistance presents extra-record assertions to an inappropriate forum. It argues that this claim is properly brought in a district court in a habeas corpus proceeding under 28 U.S.C. Sec. 2255.
 
 
 5
 Appellant Galas challenges his conviction solely on grounds of ineffective assistance of counsel. Upon a review of the record, the court concludes that Galas' Sixth Amendment claim is not properly raised in this appeal. Like the ineffective assistance of counsel issue considered in United States v. Hill, 688 F.2d 18 (6th Cir. 1982), this claim was neither raised nor addressed in the district court and consequently hinges on assertions not reflected in the present record. Such circumstances, as noted in Hill, 688 F.2d at 21, preclude an adequate evaluation of Galas' claim.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED without prejudice to Galas' right to raise his Sixth Amendment claim in an appropriate proceeding under 28 U.S.C. Sec. 2255.