815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
 No. 86-5400.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1987.
 
 Before JONES and GUY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Steve D. Anderson appeals his conviction on two counts of violating the National Firearms Act, 26 U.S.C. Secs. 5861(d) and 5871 by possessing firearms not registered to him. On appeal, defendant asserts for the first time that he was deprived of effective assistance of counsel. Defendant also argues that the admission of misleading and prejudicial information during his sentencing hearing violated his right to due process of law. For the reasons that follow, we affirm the judgment of the trial court.
 
 
 2
 On January 7, 1985, a search warrant was issued by a Tennessee circuit court on the affidavit of a criminal investigator with the Tennessee Department of Safety. The search warrant was issued to be executed at the residence of Steve Anderson, and the warrant alleged that there was probable cause to believe that defendant had in his possession illegal firearms, as well as stolen vehicles and stolen vehicle parts. The search warrant was executed on the same date. Participating in the search were both federal and state officers of various law enforcement divisions. A number of weapons were found during the search, including a Colt AR-15 machine gun and an UZI short-barrelled rifle, along with parts designed for use in converting the Colt into an automatic weapon. These weapons and parts formed the basis for defendant's indictment and subsequent convictions.
 
 
 3
 A jury trial was held on August 14, 1985, after which defendant was convicted. Defendant was sentenced by the court on March 25, 1986, to ten years on merged counts, with the sentence to run consecutive to state sentences previously imposed.[1]
 
 
 4
 On appeal, defendant has raised for the first time the issue of ineffective assistance of counsel. Defendant complains about the following: (1) trial counsel filed no pretrial motions with the court, other than a petition requesting the continuation of the trial date; (2) counsel neglected to move to suppress any evidence; (3) counsel did not move for a judgment of acquittal at either the end of the government's proof or at the close of all proofs; (4) counsel made no objections to jury instructions, and made no special requests for instructions on behalf of the defendant; (5) counsel failed to object to the prosecutor's remark in closing argument that there was no defense to this crime; (6) counsel failed to file a motion for a new trial with the trial court; (7) counsel was ignorant of the law in issue; and (8) counsel "admitted" defendant's guilt in his closing argument.
 
 
 5
 As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). The customary procedure followed in this situation by the various circuits is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. Sec. 2255.[2] When, however, the record is adequate to assess the merits of the defendant's allegations, some courts will consider them. See United States v. Hilliard, 752 F.2d 578 (11th Cir.1985). Such an exception is not applicable in this case.
 
 
 6
 No record is before us concerning the preparation of defendant's trial counsel for this case or the possible tactical considerations which trial counsel may have had in failing to move to suppress the evidence. We can only speculate about why defense counsel defended the case as he did. In addition, the search warrant could be critical to determine whether counsel rendered ineffective assistance by failing to seek suppression, or whether defendant was prejudiced by such omission. This determination would affect whether the defense was the result of trial strategy, as well. Yet the warrant has not been made a part of the record. As the Eighth Circuit noted in United States v. Gray, 464 F.2d 632, 634 n. 1 (8th Cir.1972):
 
 
 7
 The allegations of ineffective assistance of counsel, raised by the defendant in his pro se brief, are not properly before the court at this time. An adequate post-conviction procedure is afforded by 28 U.S.C. Sec. 2255 for developing a factual record to support these allegations, if they can be so supported. That procedure obviates the deciding of the issue without opportunity for all parties to unfold the facts.
 
 
 8
 Id. (quoted with approval in Hill, 588 F.2d at 21-22).
 
 
 9
 Accordingly, we decline to reach the merits of the defendant's ineffective assistance claim, but without prejudice to his right to raise the issue of ineffective assistance of counsel in a proper proceeding pursuant to 28 U.S.C. Sec. 2255.[3]
 
 
 10
 Defendant also argues that he was denied due process of law at his sentencing hearing when the prosecutor gave the court misleading information. Defendant appears to be requesting acquittal or a new trial on the criminal charges as a result of this alleged deprivation.
 
 
 11
 At the sentencing hearing, the court was informed of the various criminal charges that had been brought against the defendant, including defendant's conviction on state charges which stemmed from the same search of defendant's house as the instant charges. The court was also notified of defendant's escape from custody and those attendant charges. The prosecutor then stated:
 
 
 12
 On March the 2nd, 1986, the state garage in Morristown was broken into at gunpoint, property was taken from that garage which only belonged to Steve Anderson.
 
 
 13
 Defense counsel objected to the admission of this information as "incompetent." The prosecutor responded that it should be taken into consideration, "whether he's been charged or not." He then stated: "Your Honor, without making any conclusions, I would like to state the facts to your Honor and let your Honor make any conclusions that your Honor might want to make."
 
 
 14
 The prosecutor then went on to describe the break-in and theft, for the court to take into consideration, "for what it's worth." When passing sentence, the court did mention some of the defendant's criminal activities, but did not mention this incident as influencing his decision to impose the maximum prison sentence.
 
 
 15
 Defendant acknowledges that a sentencing court may consider evidence of other crimes for which a defendant has not been charged. Hill, 688 F.2d at 20. Defendant asserts, however, that the prosecutor insinuated that the defendant had been charged with the robbery, thus misleading the court. Defendant complains that his sentence was based on false or misleading information.
 
 
 16
 Our review of the record reveals nothing that would mislead the court into believing that defendant had been charged with the robbery. In fact, the prosecutor made it clear that defendant had not been charged with the crime, but that he was placing the facts before the court so that it could draw its own conclusions. We find no error.[4]
 
 
 17
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The delay between conviction and sentencing occurred as a result of defendant's escape from state custody 11 days after his conviction on firearms charges. Defendant was arrested on March 5, 1986, in Florida
 
 
 [2]
 28 U.S.C. Sec. 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."
 
 
 [3]
 By our comments here we mean to express no opinion on the merits of defendant's claim
 
 
 [4]
 Even if the defendant's sentence was based upon false or misleading information, the remedy is vacation of sentence and not a new trial or acquittal. United States v. Tucker, 404 U.S. 443 (1972)