848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Lee LOWERY, Defendant-Appellant.
 No. 87-5495.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1988.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and HORACE W. GILMORE*, District Judge.
 PER CURIAM.
 
 
 1
 Appellant, Ronnie Lee Lowery ("Lowery"), seeks reversal of his convictions for conspiracy to distribute and to possess with the intent to distribute cocaine and the intentional use of a telephone to commit, cause, and facilitate said conspiracy in violation of 21 U.S.C. Secs. 846, 841(a)(1), and 843(b). He contends that his trial counsel's representation denied him the sixth amendment guarantee of effective assistance of counsel and that the trial court improperly admitted tape recordings of intercepted telephone calls and conversations and improperly allowed the use of transcripts of those tape recordings at trial as an aid to the jury while listening to these tapes. There is no indication in the record, however, that Lowery made an ineffective assistance of counsel claim before the district court. We have concluded that this latter claim will not be considered on direct appeal because an adequate post-conviction procedure is afforded by 28 U.S.C. Sec. 2255 for developing the factual record to support this type of allegation. A sixth amendment claim is not properly raised on direct appeal unless addressed through an application for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2255. United States v. Hill, 688 F.2d 18 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). We conclude further that the admission of the tape recordings and the limited use of transcripts at trial does not provide a basis for reversal of Lowery's conviction. Prior to the admission of the recordings and the use of the transcripts, proceedings were conducted before a United States Magistrate to determine the accuracy of the recordings and the transcripts were verified by the monitoring agents at trial. See United States v. Robinson, 707 F.2d 872 (6th Cir.1983). Some portions of the tapes were unintelligible, but upon examination it is clear that on the whole the tapes and transcripts are essentially reliable.
 
 
 2
 Lowery challenges the admissibility of the tape recordings of intercepted telephone conversations, some of which involved him and some of which did not, which were used to establish both the conspiracy and his involvement in it. He also challenges the use by the jury of transcripts of the tape recordings. He argues that no indication was given at trial as to how the various agents were able to identify the contents of the tape recordings or verify the accuracy of the transcripts. He also claims that there was no established chain of custody of the tapes. His trial counsel made no objection to the composite tape based on the best evidence rule, nor did he make objection to the reliability of the tapes and the transcripts.
 
 
 3
 The government responds that under United States v. Robinson, supra, the decision to admit tape recordings into evidence and the decision to allow transcripts of those tape recordings as aids to the jury both rest within the sound discretion of the trial court, and that the criteria set forth in Robinson were met, demonstrating that no abuse of discretion occurred. Robinson provides that in order for tape recordings to be admissible, they must be (1) "authentic, accurate and trustworthy"; and (2) "audible and sufficiently comprehensible for the jury to consider the contents." 707 F.2d at 876 (citations omitted). "Recordings will be deemed admissible if the unintelligible portions are so substantial as to render the recording as a whole untrustworthy." Id. (citations omitted). With respect to the use of transcripts, we concluded in Robinson that the preferred procedure to ensure accuracy and fairness is to have the prosecution and defense attorney stipulate to a transcript. In the absence of such stipulation, "the transcriber should verify that he or she has listened to the tape and accurately transcribed its contents. The court should also make an independent determination of accuracy by reading the transcript against the tape. Where ... there are inaudible portions of the tape, the court should direct the deletion of the unreliable portion of the transcript." 707 F.2d at 878-79.
 
 
 4
 The unintelligible portions of the tapes in question are not so substantial under the Robinson standards that they render the recordings as a whole untrustworthy, including the specific transcripts cited to by Lowery to "attest to the poor quality of the tapes." (Appellant's brief at 13.) The accuracy of the tape recordings was testified to by each agent who monitored the specific conversations recorded on each tape as it was introduced into evidence. The agents' testimony verifying the accuracy of the tapes was based upon their own participation in the monitoring of the conversation and upon notes they had taken during the course of the conversation while it was being taped. Each agent also testified that the composite tape represented an accurate copy of the original recording of each conversation.
 
 
 5
 The question of the use of the transcripts in the instant case was considered by Magistrate Robert P. Murrian. In an order issued from the bench, Magistrate Murrian noted Lowery's objections to the transcripts being used, but concluded, based upon representations of government counsel, that the transcripts might be useful in assisting the jury "to identify which persons are speaking and in understanding certain conversations on those tapes which may be hushed in tone or [where] there may be slurred words on the tapes." Magistrate Murrian then directed the following
 
 
 6
 In accordance with the procedures set forth in United States v. Robinson, 707 F.2d 872, 876 (6th Cir.1983), counsel for the defendants are directed to meet at the Federal Courthouse with counsel for the government on February 6, 1987, at 1:30 p.m. to review all pertinent tapes and transcriptions with a view towards stipulating the accuracy of as many transcripts as possible. If there are disputes about what a particular transcript says, counsel shall apply to the undersigned for a hearing on the matter as far in advance of trial as possible. If transcripts are allowed to be used in the trial, the same will not be admitted into evidence but rather shall be passed to the jury for their use while listening to particular tapes, and the transcript shall be taken up after the tapes are played.
 
 
 7
 No application for a hearing was made by Lowery's trial counsel. There was no objection to the indicated procedure. We believe the requirements of Robinson are met and that the failure of Lowery's trial counsel to pursue the matter before Magistrate Murrian amounts to a waiver of objection to the accuracy of the transcripts.[1]
 
 
 8
 Only one objection was made based upon the inaccuracy of a transcript during trial. This objection was based on a variation between the transcript, which indicated no portions of inaudibility, and the notes of the monitoring agent, which indicated that certain portions of the conversation were in fact inaudible. The trial court ruled that the inconsistency was to be resolved by the jury and stated that "if they can't hear it, they can't consider it." While Robinson clearly contemplates that the accuracy of the transcript of a tape recording is to be determined by the court and not by the jury, we have examined the disputed transcript and find no basis of reversible error as to count 17 which is based upon this telephone conversation.
 
 
 9
 We cannot discern, based upon the identification given by Lowery in his brief, which of the tapes he objects to as irrelevant. Lowery, however, does not contend that any of those conversations were the basis for any of his convictions for use of the telephone to further the alleged conspiracy. Those conversations appear to have been admitted solely to establish the conspiracy itself. We find them to be relevant evidence in this case.
 
 
 10
 We conclude that Lowery received a fair trial and that the evidence adduced was sufficient to establish Lowery's guilt. Accordingly, we AFFIRM the conviction.
 
 
 
 *
 THE HONORABLE HORACE W. GILMORE, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The agents testified that the transcripts accurately reflected the various taped conversations