936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Junior C. McHAYLE, Defendant-Appellant.
 No. 90-1873.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-appellant Junior C. McHayle appeals from a jury conviction and sentence on a charge of possession with intent to distribute cocaine under 21 U.S.C. Sec. 841(a)(1). McHayle argues that he was denied effective assistance of counsel at trial, in violation of the Sixth Amendment. Because we find that the record is inadequate to assess his claims of ineffectiveness, we AFFIRM McHayle's conviction and sentence without prejudice to McHayle's right to raise his claim in a proper collateral proceeding.
 
 I.
 
 2
 Junior McHayle was arrested at Detroit Metropolitan Airport on the evening of December 18, 1988, by agents of the Drug Enforcement Administration ("DEA"). McHayle was investigated by the DEA agents after the agents learned from an airline ticket agent that McHayle purchased a ticket to fly to New York City, was scheduled to return to Detroit just six and one half hours later, had paid cash for his ticket with small bills, and had neither checked nor carried on any luggage. Upon his return from New York City the DEA agents placed McHayle under surveillance and followed him out of the terminal to the main parking lot. Once out into the parking lot the agents approached McHayle, identified themselves as police officers, and asked McHayle if they could speak with him. McHayle produced his airline ticket and Ohio driver's license at the agents' request. When questioned regarding his short visit to New York City, McHayle claimed that he had attended a bible conference with some friends.
 
 
 3
 McHayle was then asked for permission to search a book and the bags he was carrying.[2] McHayle indicated that he would like to find his car before the search occurred. McHayle then led the agents into a parking structure, where he ultimately ran from the agents. With the agents in pursuit through the parking structure, McHayle fell or ducked behind a car that was occupied but stopped in the aisleway of the parking deck. The agents saw McHayle reaching under the rear of the vehicle just before they caught up to him. McHayle was arrested as he emerged from under the vehicle. Under the car the agents found a brown package containing 996.4 grams of cocaine.
 
 
 4
 McHayle was indicted on May 25, 1989, for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). A two day jury trial was held on November 29 and December 1, 1989. McHayle's retained trial counsel waived his opening statement and, at the close of the government's case, moved for a judgment of acquittal but offered no evidence. The District Court denied McHayle's Federal Rules of Criminal Procedure 29 motion for acquittal and heard closing arguments. While the jury was deliberating, McHayle--who was free on bond--failed to return from a lunch break. The jury returned a verdict of guilty and the District Court issued a bench warrant for McHayle's arrest.
 
 
 5
 McHayle was arrested on the warrant on April 30, 1990. At a hearing held on May 7, 1990, McHayle expressed some dissatisfaction with his retained trial counsel. The District Court, therefore, appointed a different attorney to represent McHayle. McHayle was sentenced on August 7, 1990, in accordance with the Sentencing Guidelines, to a term of 262 months imprisonment, to be followed by deportation.[3] McHayle filed this timely appeal, his sole argument being that he received ineffective assistance of counsel at trial. Specifically, McHayle claims two failures by his retained attorney. First, a failure to investigate McHayle's claim of going to New York City to attend a bible conference on the date he was arrested and, second, the failure or refusal to allow McHayle to take the stand in his own defense.
 
 II.
 
 6
 In United States v. Hill, 688 F.2d 18 (6th Cir.), cert. denied, 459 U.S. 1074 (1982), this Court noted that the defendant's ineffective assistance of counsel claim presented on direct appeal "depend[ed] in large part upon matters outside the present record, since the issue of ineffective assistance of counsel was not raised in the district court." Id. at 21. Accordingly, the Hill court affirmed the defendant's conviction without prejudice to Hill's right to raise his ineffectiveness claim in a proper post-conviction proceeding under 28 U.S.C. Sec. 2255. Id. The rule of Hill that an ineffective assistance of counsel claim will not be reviewed if raised for the first time on direct appeal has been reaffirmed in a host of recent decisions. See, e.g., United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990); United States v. Iles, 906 F.2d 1122, 1136 (6th Cir.1990); United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989).
 
 
 7
 This court recently recognized that the general rule of Hill may not be applicable when "the record [on direct appeal] is adequate to assess the merits of the defendant's allegations...." United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). Here however, the record is clearly insufficient for purposes of evaluating the claimed ineffective performance of the defendant's trial counsel. The defendant fails to refer us to anything in the record which substantiates his claims that his trial attorney prohibited McHayle from testifying in his own defense and failed to investigate McHayle's claim that he went to New York to attend a bible conference. Therefore, we refuse to address the defendant's ineffective assistance of counsel claim in this direct appeal.
 
 
 8
 Apparently recognizing the obstacle created by the Hill rule, McHayle argues that his claim of ineffective assistance was actually raised in the District Court but the court failed to address it. Therefore, he asserts, we should remand to the District Court for a hearing on the ineffective assistance claim rather than dismissing without prejudice. Although that might be an appropriate procedure where ineffective assistance of counsel is raised and the District Court fails or refuses to rule on the issue, it is not applicable here since we find that the ineffective assistance claim was not adequately raised or presented to the District Court.
 
 
 9
 The only portion of the record which could possibly be interpreted as an allegation of ineffective assistance of counsel is a cryptic reference by the defendant during the post-trial hearing on his pro se request for appointment of substitute counsel. Joint App. at 131-33. Our review of the transcript of the hearing convinces us that McHayle can fairly be said only to have asked for new counsel, a request which the court granted. No ineffective assistance claim was asserted by McHayle's new counsel at sentencing.
 
 III.
 
 10
 Accordingly, Junior McHayle's conviction and sentence are AFFIRMED without prejudice to his right to raise the ineffectiveness of counsel claim in a proper proceeding under 28 U.S.C. Sec. 2255.
 
 
 11
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 12
 As the majority correctly states, binding precedent from this Circuit prevents us from considering McHayle's ineffective assistance claim because the record below is inadequate to assess the merits of the claim. I write separately, however, in order to explicitly address the government's argument that specific factual findings should be made by a district court before an ineffective assistance claim may be addressed on appeal. In United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990), this court clearly stated that ineffective assistance claims can be heard on direct appeal "[when] the record is adequate to assess the merits of defendant's allegations." The government's brief argues that Wunder should be interpreted to require factual findings by the district court as a precondition to review of ineffective assistance claims on direct appeal. Such a requirement, however, would greatly hinder this court's ability to deal with ineffective assistance claims. Practically speaking, the strict, two-part test in Strickland v. Washington, 466 U.S. 668, 687 (1984), proves to be an insurmountable obstacle for the vast majority of defendants who claim ineffective assistance of counsel. To require factual findings by a district court would add a further hurdle to an already difficult-to-prove claim. In conclusion, I reiterate the rationale for not considering some ineffective assistance claims directly on appeal: "[a]s a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." Wunder, 919 F.2d at 37.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [2]
 It is unclear from the record where the bags came from. The ticket agent who alerted the DEA agents to McHayle indicated that upon his departure from Detroit earlier that day, McHayle carried no luggage
 
 
 [3]
 McHayle, a Jamaican national, is a resident alien