4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick P. POSTELWAITE, Defendant-Appellant.
 No. 92-3718.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1993.
 
 Before: MILBURN, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Patrick P. Postelwaite pleaded guilty to one count of mailing threatening communications to a federal officer, in violation of 18 U.S.C. Sec. 876. The district court, in a downward departure, sentenced Postelwaite to a three year term of probation to participate in a mental health counseling program. This appeal followed. Postelwaite is proceeding without counsel after his two court-appointed attorneys were permitted to withdraw in succession. Postelwaite has requested argument and the appointment of a third attorney; the government has waived oral argument.
 
 
 3
 Upon consideration, we find no reversible error in the district court proceedings. Postelwaite's chief appellate contention is that his trial counsel was ineffective. Claims of ineffective assistance of trial counsel are not ordinarily cognizable on direct appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The exception to this rule occurs when the record is adequate to address the claim. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). The instant record is hardly adequate to assess the myriad accusations and complaints Postelwaite made concerning the performance of his trial counsel.
 
 
 4
 Postelwaite also questions the delay between his arrest and indictment under 18 U.S.C. Sec. 3161(b) (requiring the indictment be filed within thirty days of arrest). Postelwaite was arrested on December 18, 1991. The indictment was filed on February 27, 1992. Although this is in excess of the thirty day limit of Sec. 3161(b), the indictment was timely. We are satisfied that the delays surrounding Postelwaite's motion for a psychiatric examination were properly excluded under the statute. The proceedings are regular in all other respects.
 
 
 5
 Accordingly, the motion for the appointment of appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.