19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Jesse PENA, Defendant-Appellant.
 No. 93-1332.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1994.
 
 Before: KEITH and JONES, Circuit Judges; LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-Appellant Jesse Pena ("Pena") appeals the conviction and sentence entered pursuant to his plea of guilty to cocaine distribution and use of a firearm. Pena was charged in a three count indictment for: (1) possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1); (2) use of a firearm in relation to the cocaine trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1); and (3) possession of marihuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). We find without additional evidence and a better developed record, we are unable to reach the merits of this appeal, and AFFIRM.
 
 I.
 
 2
 On September 17, 1992, pursuant to a warrant, police officers searched Pena's home at 905 Pleasant Street in Saginaw, Michigan. Pena, present during the search, eventually told agents he would reveal the location of drugs in his home. He led agents to his basement, presented a .7 gram bag of cocaine, and claimed there were no other drugs in the house.
 
 
 3
 During the same search, however, agents later found a hidden safe in Pena's bedroom closet containing a kilogram of cocaine and waxy paper commonly used to package small amounts of cocaine for resale. Although agents discovered a key to the safe on Pena's key ring, he denied ownership of the cocaine, stating he had not yet paid for it. Agents found a loaded .22 caliber semi-automatic rifle was in the same closet, along with over 100 rounds of .22 caliber ammunition and 5 rounds of .357 caliber ammunition in Pena's bedroom.
 
 
 4
 Additionally, agents discovered various items of drug related paraphernalia covered with a white powdery residue. Pena's personal papers, a listing of police scanner law enforcement frequencies, three police scanners, a mobile telephone, a pager, three CB radios, jewelry, an electronic scale and brass knuckles were seized by agents. After the search, agents arrested Pena.
 
 
 5
 Agents executed a second search warrant on September 21, 1992, at 516 North Mason Street in Saginaw, an apartment rented by Pena. Agents seized several plastic bags containing over a pound of marijuana, two scales and various residency documents in Pena's name.
 
 
 6
 Pursuant to Pena's request during his initial court appearance, the court appointed Attorney David F. Myers to represent Pena. At his preliminary examination and detention hearing on September 22, 1992, however, Pena appeared with retained counsel E. Brady Denton ("Denton"), who persuaded the magistrate to release Pena on bond.
 
 
 7
 On October 1, 1992, a grand jury returned a three count indictment, basing the cocaine and firearm charges on the September 17 search at 905 Pleasant Street, and the marijuana charges on the September 21 search at 516 North Mason Street. On December 1, 1992, Pena appeared with Denton and accepted a plea agreement whereby he pled guilty to counts one and two of the indictment, the cocaine and firearms charge, in exchange for dismissal of the marijuana charge. Pena initially expressed concern about information contained in the search warrants, and the district judge repeatedly informed Pena of his right to challenge the warrants despite advice provided by Denton. After Pena indicated he desired to abandon any challenges, the district judge advised Pena of various rights and consequences, and ensured the plea was voluntary. Thereafter, Pena retained a third attorney, C. Michael Gorte ("Gorte"). Pena appeared with Gorte at his sentencing hearing on February 23, 1993. Gorte did not claim Denton ineffectively assisted Pena, nor did he move to withdraw the guilty pleas or for leave to file a motion to suppress the search warrants. The court sentenced Pena to 80 months imprisonment on the cocaine charge and 60 months on the firearm charge. This timely appeal followed.
 
 II.
 
 8
 On direct appeal, Pena argues for the first time he was denied effective assistance of counsel. Pena claims Denton ineffectively assisted him by failing to: (1) move to suppress the search warrants; (2) preserve critical testimony; and (3) communicate with Pena.
 
 
 9
 We generally do not consider ineffective assistance of counsel claims for the first time on direct appeal because no evidence on the merits has been developed on the record. United States v. Gonzales, 929 F.2d 213, 215 (6th Cir.1991); United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). When the record has not been sufficiently developed, the proper procedure for raising ineffective assistance of counsel is to file a motion in the district court pursuant to 28 U.S.C. Sec. 2255. United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990). When the record sufficiently documents the proceedings below so as to assess the merits of the claim, however, this court may consider an ineffective assistance of counsel argument raised for the first time on appeal. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). Such an exception is inapplicable here.
 
 
 10
 While the record indicates Denton's failure to move for suppression of evidence resulting from the search warrants, it is silent as to Denton's preparation for this case or his possible tactical considerations in failing to move to suppress the evidence. Additionally, while the record suggests Pena was concerned about the identity of the informants and information contained in the affidavits, we find the basis for challenging the warrants was inadequately articulated. Finally, the record does not reflect whether Denton improperly neglected to preserve critical testimony or failed to communicate with his client. In this case, the record is insufficient to determine the existence of an egregious error by Denton resulting in Pena's plea and negating the reasonable probability he would have chosen to go to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). We decline to review this issue without providing the parties an opportunity to present the facts.
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM the decision of the Honorable Robert H. Cleland, United States Judge for the Eastern District of Michigan.