23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gail F. ROBINSON, Defendant-Appellant.
 No. 93-2530.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The defendant, Gail Robinson, appeals the sentence she received for embezzlement in violation of 18 U.S.C. Sec. 656. Robinson was a bank teller at Comerica Bank who was accused of embezzling over $40,000. She pled guilty to the charge but disputed the amount involved. The district court accepted her plea and set the cause for an evidentiary hearing to determine how much she embezzled. Prior to that hearing, Robinson and the government negotiated the amount of $38,000 and stipulated to it in the pre-sentence report. At sentencing, the defendant did not object to the figure and the district court sentenced Robinson to four months in a half-way house and ordered her to pay $38,000 restitution.
 
 
 2
 Robinson now brings this direct appeal, arguing that she received ineffective assistance of counsel at sentencing and that her plea was not knowing and voluntary. She claims that her attorney advised that she should agree to the $38,000 amount but that she would never have to pay that much back. Having been directed to pay the full amount, Robinson now asserts that but for her attorney's bad advice, she would not have entered a guilty plea.
 
 
 3
 Ineffective assistance of counsel claims are properly made in a collateral attack pursuant to 28 U.S.C. Sec. 2255, not on direct appeal. United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990); United States v. Hill, 688 F.2d 18, 21-22 (6th Cir.), cert. denied, 459 U.S. 1074 (1982). In Castro, we stated that "although it strongly appears that defendant ... was not denied effective assistance of counsel, this court declines to consider the claim of ineffective assistance of counsel for the first time on appeal.... The defendant may properly raise this issue in a motion to the district court pursuant to 28 U.S.C. Sec. 2255." Castro, 908 F.2d at 89 (citations omitted). The Sixth Circuit has a limited exception to this general rule, allowing the court to consider the claim when the "record is adequate to assess the merits of the defendant's allegations." United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (reaching merits and denying claim). Here, the entire ineffective assistance of counsel claim is based on several alleged conversations between Robinson and her attorney which are outside the record. The Court declines to consider this issue because the record is insufficient even to deny the claim.
 
 
 4
 Robinson makes a second related claim that her plea was not knowing and voluntary because she never "agreed" to the $38,000 amount. This claim is really identical to the first, as it is based on the same alleged conversations with her attorney that are not in the record. For the reasons stated above, we are unable to review this second claim. Accordingly, the judgment of the district court is affirmed.
 
 
 5
 This case is not recommended for publication in the Federal Reporter.