25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sonny James CHARLES, (No. 93-6426) Defendant-Appellant,
Howard Dale Altizer, (No. 93-6429) Defendant-Appellant.
 Nos. 93-6426, 93-6429.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 1
 Before: SUHRHEINRICH and BATCHELDER, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 These cases are direct appeals from criminal convictions in which both attorneys have moved to withdraw representation and have filed "no merit" briefs. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sonny Charles and Howard Altizer were indicted as part of a four-person drug selling operation in the Eastern District of Kentucky. The other defendants were James and Beatrice Charles, Sonny Charles's uncle and aunt. Sonny Charles and Howard Altizer eventually pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of marijuana and cocaine, in violation of 21 U.S.C. Sec. 846, and each took a separate appeal. James and Beatrice Charles also pleaded guilty and filed notices of appeal. Their appeals are not a part of this proceeding.
 
 
 4
 The attorneys for Sonny Charles and Howard Altizer filed motions to withdraw representation on appeal as well as "no merit" briefs pursuant to Rule 12, Rules of the Sixth Circuit, and Anders v. California, 386 U.S. 738 (1967). Each defendant was served with this motion and was invited to respond; neither has done so as of the date of this memorandum.
 
 Case No. 93-6426
 
 5
 The record and pleadings reflect the following: Sonny Charles lived in a trailer located on property owned by his uncle and aunt, James and Beatrice Charles, in Pike County, Kentucky. Between February 1989 and February 1993, Sonny Charles allegedly purchased amounts of marijuana and cocaine for resale from James and Beatrice Charles. In 1993, law enforcement agents searched the residence of James and Beatrice Charles pursuant to a warrant and discovered over 6,800 grams of marijuana and 33 grams of cocaine. This resulted in the multi-count indictment of the four defendants. Sonny Charles eventually agreed to plead guilty. In exchange for a promise to drop four of the counts in the indictment, Sonny Charles entered into a stipulation concerning the proper amount of drugs to be used in computing his sentence. He thereafter did plead guilty and was sentenced in accordance with the agreement and stipulation.
 
 
 6
 On appeal, counsel for Sonny Charles discharged his obligation under Anders to point out anything in the record that might arguably support the appeal. Counsel notes that the only grounds occurring to him are the constitutionality of the plea and ineffective assistance of counsel. The record and law support the finding that the plea is constitutional and that a claim of ineffective assistance of trial counsel is not cognizable in this appeal. In addition, our independent examination confirms counsel's characterization of the appeal as without merit.
 
 
 7
 Sonny Charles pleaded to one count of an offense under 21 U.S.C. Sec. 846 that was committed in the Eastern District of Kentucky. The language of the indictment tracks that of the statute and jurisdiction lies within the Eastern District of Kentucky. 28 U.S.C. Sec. 97(a). Jurisdiction thus does not appear to be an issue in this case and Charles's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 8
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c) and the recitation of the factual basis for the plea. The court accurately related the maximum penalties to which Charles would be exposed by his plea and determined that he was not under the influence of any drugs. The sentence meted out, 15 months, is the bottom of the 15-21 month range as determined by the pre-plea stipulation and was not the subject of a contemporaneous objection. There does not appear to be any defect in the plea proceedings or sentence. The record is not adequate to address a claim of ineffective assistance of trial counsel; this contention must therefore be pursued in a collateral proceeding under 28 U.S.C. Sec. 2255. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam); United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The appeal lacks merit.
 
 Case No. 93-6429
 
 9
 The appeal of Howard Altizer has the same factual core as that of Sonny Charles. Altizer, like Sonny Charles, lived in a trailer on land owned by James and Beatrice Charles, in Pike County, Kentucky. Allegedly, Altizer also sporadically purchased marijuana and cocaine from James and Beatrice Charles for resale; he was subsequently indicted following the raid on the Charles's residence. The government offered Altizer essentially the same terms to plead guilty as Sonny Charles: the government would drop four counts of the indictment in exchange for an unconditional guilty plea and stipulation as to the amount of drugs to be used in computing the guideline sentence. Altizer did enter into the agreement and stipulation. The district court thereafter accepted his plea and sentenced him according to the terms of the agreement and stipulation.
 
 
 10
 Counsel for Altizer, pursuant to his obligation under Anders, sets forth his client's contention that he was entitled to a reduction in his base offense level for his role as a minor or minimal participant pursuant to U.S.S.G. Sec. 3B1.2(a) or (b). The record reveals, however, that neither Altizer nor his trial counsel registered a contemporaneous objection to the district court's calculation of his base offense level. As a result, Altizer has waived his right to contest this determination on direct appeal. United States v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 11
 The court has conducted an independent examination of the record and has not found any reversible error. As in the companion appeal, jurisdiction does not appear to be an issue and, as in the appeal of Sonny Charles, Altizer's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett, 411 U.S. at 267. The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c). The court accurately related the maximum penalties to which Charles would be exposed by his plea and determined that he was not under the influence of any drugs. The sentence meted out, 18 months, is the bottom of the 18-24 month range as determined by the pre-plea stipulation and was not the subject of a contemporaneous objection. The appeal lacks merit.
 
 
 12
 Accordingly, the district court's judgments are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation