41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter McDonald COOK, Defendant-Appellant.
 No. 93-6137.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: RYAN and SILER, Circuit Judges; and DOWD, District Judge.*
 
 
 2
 Defendant, Walter McDonald Cook, appeals his conviction for aiding and abetting the interstate transportation of stolen goods on the ground that the district court erred in denying defendant's motion for removal of appointed counsel and for appointment of substituted counsel. Cook seeks a new trial with new counsel. We affirm for reasons stated hereinafter.
 
 I.
 
 3
 Defendant was indicted, along with a co-defendant, in February 1993 of aiding and abetting in the interstate transportation of commerce goods valued at more than $5,000, in violation of 18 U.S.C. Secs. 2312 and 2314. Edward Landis was appointed to represent Cook on this charge.
 
 
 4
 After a plea of not guilty to the charge, Cook requested that Landis make a motion for a copy of the indictment and the grand jury minutes; Landis refused, and Cook then filed a pro se motion to obtain these documents. The district court granted defendant's motion to receive a copy of the indictment but denied his motion to obtain a copy of the grand jury minutes. Cook then filed a pro se motion for reconsideration of the district court's denial of his motion for a copy of the grand jury minutes. The district court then had copies of Cook's pro se motions sent to Landis so that Landis could file a memorandum of facts and law on behalf of Cook's latest motion. Landis refused to file a memorandum in support of Cook's motion, instead responding to the court that no law existed supporting Cooks' motion. The district court subsequently denied Cook's motion for reconsideration. At Cook's request, Landis filed a motion for a bill of particulars. This motion was also denied.
 
 
 5
 On May 24, 1993, defendant filed a motion to remove counsel. On June 1, 1993, the magistrate judge conducted a hearing on this motion. Finding nothing warranting removal of Landis as defendant's counsel, he denied the motion. Cook appealed. Another hearing was held on June 8, 1993, and the district court again denied Cook's motion.
 
 
 6
 On June 9, 1993, Cook was tried before a jury. The jury returned a guilty verdict that same day. Cook was subsequently sentenced to thirty-seven months in prison and three years supervised release.
 
 
 7
 On July 9, 1993, Landis filed a motion to withdraw as attorney of record. This motion was granted on August 16, 1993.
 
 II.
 
 8
 We review the district court's denial of defendant's motion for removal of counsel for an abuse of discretion. United States v. Iles, 906 F.2d 1122. 1130, n. 8 (6th Cir.1990). As a threshold matter, the district court has a duty to make a factual inquiry into the reasons behind a defendant's motion to remove counsel.
 
 
 9
 "When an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel."
 
 
 10
 Id. at 1130 (internal quotation omitted). Accordingly, the court held two hearings on Cook's motion for removal of counsel.
 
 
 11
 While the Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, this right is not absolute and it does not guarantee an indigent defendant the right to counsel of his choice. Id . See also Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir.1985). To warrant substitution of appointed counsel and a new trial, a defendant must demonstrate "good cause." United States v. Jennings, 945 F.2d 129, 132 (6th Cir.1991). Generally good cause can be shown in the case of a conflict of interest, a complete breakdown in communication between attorney and client, or an irreconcilable conflict between attorney and client. Wilson, 761 F.2d at 280. At both hearings on Cook's motion to have Landis removed, the court found that Cook had failed to show good cause for removing Landis. At the close of the June 1 hearing, the magistrate judge stated, "[I]t is apparent to me that Mr. Landis is properly conducting the defense of this case in every respect, ... from a legal standpoint, ... from a preparation standpoint, and also from the standpoint of the Canon of Ethics."
 
 
 12
 A review of the record on appeal indicates that the district court did not abuse its discretion in denying Cook's motions for removal of counsel. It conducted a lengthy inquiry into the bases of Cook's complaints against Landis, which boil down in large part to Landis' unwillingness to pursue, at Cook's requests, frivolous claims and motions. Cook also points to Landis' statement, during the June 1, 1993 hearing on his motion to remove counsel, that "the primary issue will be scienter," as evidence that Landis had ceased to diligently serve Cook's best interests. However, where an element of the charged offense is the knowledge that the goods transported were stolen, it is hardly "divulging trial strategy," to make such a statement.[1] Furthermore, Cook has failed to demonstrate that he suffered any prejudice as a result of Landis' actions. Whatever conflicts or tensions that existed between Cook and Landis did not prevent Landis from providing Cook with an adequate defense. See Iles, 906 F.2d at 1130, n. 8 ("In reviewing whether a district court abused its discretion in denying a defendant's motion to substitute counsel, appellate courts generally consider ... [inter alia] whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.").
 
 AFFIRMED.[2]
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Cook further notes Landis' failure to object at trial when a Government witness was asked the status of the co-defendant's case and answered that the co-defendant had "pled guilty to the indictment in this case and is convicted of the charge." However, this occurred after the district court ruled on Cook's motion to remove counsel. Therefore, this factual allegation is not properly before the court at this time
 
 
 [2]
 Our decision today is without prejudice to the defendant's ability to raise an ineffective assistance of counsel claim in a post-conviction proceeding under 28 U.S.C. Sec. 2255. See United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982)