97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Joseph LINDBERG, Defendant-Appellant.
 No. 95-2308.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Larry Lindberg was named in an information in connection with a conspiracy to distribute cocaine. Lindberg, through counsel, eventually entered into a negotiated plea agreement whereby Lindberg would plead guilty to one count of cocaine distribution, in violation of 21 U.S.C. § 841(a)(1). The plea colloquy was conducted by a magistrate judge through consent of the parties and the plea was thereafter accepted by United States District Judge Gordon Quist. United States District Judge Robert Holmes Bell later sentenced Lindberg to a term of 40 months imprisonment with a 3-year period of supervised release. This appeal followed.
 
 
 3
 Counsel for Lindberg filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Lindberg was served with this motion and a copy of the brief on April 3, 1996 and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). Lindberg chose not to respond.
 
 
 4
 Lindberg acted as an intermediary for cocaine distributors from approximately April 1991 until November 1994. Lindberg readily admitted his role in the offense but the parties disagreed on the amounts of cocaine Lindberg handled. This disagreement was later dropped. The parties subsequently agreed to have a magistrate judge conduct the Criminal Rule 11 plea colloquy. Judge Quist later adopted the unopposed recommendation to accept the plea and ordered the preparation of a presentence investigation report.
 
 
 5
 At sentencing, counsel for Lindberg asked for a two-level reduction in the base offense level to reflect Lindberg's role as a minor participant. The court granted this request and, consequently, calculated Lindberg's base offense level at 21. There were no other objections raised by either party. The base offense level of 21, coupled with a criminal history of I, resulted in a guideline range of 37-46 months. The court sentenced Lindberg to a 40-month term of incarceration.
 
 
 6
 Counsel for Lindberg sets forth two arguable issues on appeal. First, counsel relates his client's inquiry as to the availability of the "safety valve" provision of 18 U.S.C. § 3553(f) to further reduce his sentence. In addition, counsel notes that a theoretical claim of ineffective assistance of trial counsel might be available on unknown grounds.
 
 
 7
 Neither of the two arguable issues has the slightest merit. The "safety valve" provision of 18 U.S.C. § 3553(f) is intended to permit a district court to depart below a mandatory minimum sentence if the defendant qualifies as a mere low level carrier. Lindberg was not subject, however, to a mandatory minimum sentence. The "safety valve" was therefore not applicable to his situation. Ineffective assistance of counsel claims are not ordinarily cognizable on direct appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The exception to this rule occurs when the record is adequate to address the claim. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). The record in the case at bar is completely devoid of any suggestion that counsel was inadequate in any fashion. No other error is apparent.
 
 
 8
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.