12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward TURNER, Defendant-Appellant.
 No. 92-6463.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is a direct appeal from a judgment of conviction in which the defendant's counsel has moved to withdraw and has filed a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit, and Anders v. California, 386 U.S. 738 (1967). In 1992, Charles Edward Turner pleaded guilty to one count of being a felon in possession of a firearm which had been shipped in interstate commerce, in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced Turner to a 240 month term of imprisonment and this appeal followed. Counsel for Turner has filed an Anders brief and a motion to withdraw. Turner, in response, has filed his own brief and a motion for the appointment of new appellate counsel.
 
 
 4
 On December 28, 1991, Chattanooga police officers received a report of a robbery in which several items of jewelry were taken. The officers subsequently stopped a car driven by Turner, a convicted felon, because it matched the description of the one used by the robbery suspect. The officers initially discovered a loaded, operable pistol in the car; an inventory search later revealed many items of the stolen jewelry. Turner was picked out of a police lineup by the victim and later indicted. Turner ultimately pleaded guilty to being a felon in possession of a firearm after allowing the prosecution's offer of a plea bargain to expire.
 
 
 5
 In his Anders brief, counsel for Turner discusses the only issue he feels may be arguable, namely, the application of the sentencing guidelines "armed career criminal" enhancement. Turner also refers to this provision in his pro se brief as well as the propriety of the initial stop and arrest and the performance of his trial counsel.
 
 
 6
 A valid guilty plea represents a break in the chain of events in the criminal process. A defendant who has entered a plea that is found to be valid may not thereafter challenge nonjurisdictional defects in the pre-plea proceedings.[1] Tollett v. Henderson, 411 U.S. 258, 261-67 (1973). In the case at bar, there does not appear to be any jurisdictional defect. The language of the indictment tracks that of the relevant statute, 18 U.S.C. Sec. 922(g)(1), and Chattanooga (Hamilton County, Tennessee) lies within the Eastern District of Tennessee. 28 U.S.C. Sec. 123(a)(3). Thus, the only viable subjects for appeal are the propriety of the plea and sentence.
 
 
 7
 The plea appears to have been properly entered. There is no suggestion by either Turner or his attorney that the plea was not entered knowingly and voluntarily. Turner had earlier been found competent to stand trial, following a mental competency hearing, and the plea colloquy reflects Judge Edgar's scrupulous adherence to the letter and spirit of Fed.R.Crim.P. 11.
 
 
 8
 The sentence likewise appears proper. The only issue of substance raised in this connection by Turner and his attorney is the application of U.S.S.G. Sec. 4B1.4, the "armed career criminal" sentence enhancement. Specifically, Turner objects to the classification of a prior Tennessee state conviction for third-degree burglary as a "violent felony" under Sec. 4B1.4.
 
 
 9
 U.S.S.G. Sec. 4B1.4(a) provides that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. Sec. 924(e) is an armed career criminal." Any offense constitutes "burglary" under Sec. 924(e) if it has the basic elements of a "generic" burglary or if the charging paper and jury instructions actually required the jury to find all the elements of "generic" burglary in order to convict the defendant. Taylor v. United States, 495 U.S. 575, 581-602 (1990). The Sixth Circuit has held specifically that Tennessee's burglary statute is a "violent felony" under Taylor. United States v. Anderson, 923 F.2d 450, 454 (6th Cir.), cert. denied, 111 S.Ct. 1633 and 2062 (1991). The district court did not err in this regard.
 
 
 10
 The only issue remaining is a claim of ineffective assistance of counsel raised by Turner. Ineffective assistance of counsel claims are not ordinarily cognizable on direct appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The exception to this rule occurs when the record is adequate to address the claim. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). The majority of Turner's assertions in this claim are apparent on the face of the record but center around his mistaken belief that his prior Tennessee state burglary conviction does not qualify as a "violent felony." To this extent, the claim lacks merit. Turner also contends that his trial attorneys and others lied and conspired against him. These assertions are not apparent on the face of the record and are therefore not cognizable on direct appeal. Id. The appeal lacks merit.
 
 
 11
 Accordingly, the motion to withdraw is granted, the motion for the appointment of appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 A defendant may enter a conditional plea of guilty under Fed.R.Crim.P. 11(a)(2), and thus reserve the right to appeal non-jurisdictional issues relating to his conviction. Turner's failure to enter such a conditional plea prevents him from raising non-jurisdictional arguments against his conviction upon appeal. United States v. Pickett, 941 F.2d 411, 416 (6th Cir.1991)