25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Santos ADAME-LOPEZ, Defendant-Appellant.
 No. 93-3618.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a jury conviction for two drug related crimes. Counsel for the parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Santos Adame-Lopez was convicted after a jury trial of conspiracy to distribute marijuana, in violation of 21 U.S.C. Sec. 846, and interstate travel with intent to promote a drug conspiracy, in violation of 18 U.S.C. Sec. 1952. The district court sentenced Adame-Lopez to an aggregate 78 month term of imprisonment and this appeal followed.
 
 
 3
 In 1992, an informant in Cincinnati spoke with the wife of the defendant concerning a major marijuana purchase. A series of events followed which culminated in a seven person indictment, including appellant Adame-Lopez, and the seizure of 300 pounds of marijuana. The government put on witnesses and videotape at trial implicating Adame-Lopez in the negotiations and receipt of the controlled buy money. The jury deliberated approximately 2 hours before returning a verdict of guilty on both counts of the indictment.
 
 
 4
 Counsel for Adame-Lopez asserts on appeal that there was insufficient evidence adduced to support the jury verdict. He concedes, however, that trial counsel failed to move for a judgment of acquittal under Fed.R.Crim.P. 29 or for a new trial under Fed.R.Crim.P. 33. As a result, Adame-Lopez's sufficiency of the evidence claim is waived and can only be reviewed upon a showing of a manifest miscarriage of justice. United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991). Finding no miscarriage of justice, we decline to review appellant's claim.
 
 
 5
 Even if this contention were properly before the court, a cursory examination of the record reveals its lack of merit. A conviction will not be disturbed on grounds of insufficient evidence if, after viewing the evidence in the light most favorable to the government, an appellate court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This applies whether the evidence is direct or circumstantial, Holland v. United States, 348 U.S. 121, 140 (1954), and it is not necessary that the circumstantial evidence remove every reasonable hypothesis except that of guilt, United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). The evidence viewed in the government's favor has Adame-Lopez purchasing the marijuana, arranging for its delivery to Cincinnati, and later accepting and counting the purchase money in Cincinnati while being videotaped. This claim lacks merit.
 
 
 6
 Counsel for Adame-Lopez also assigns as error ineffective assistance of trial counsel. (Adame-Lopez's current counsel was not his trial counsel.) In support of this contention, counsel highlights several alleged errors of trial strategy including those of record as well as omissions. Ineffective assistance of counsel claims are not ordinarily cognizable on direct appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The exception to this rule occurs when the record is adequate to address the claim. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). To the extent that counsel relies on errors outside the record, this claim is not cognizable in this forum and should be raised, if at all, in a post-conviction proceeding under 28 U.S.C. Sec. 2255. To the extent that this claim is spread upon the record before the court, it is largely speculative (failure to conduct "meaningful" cross examination), misleading (failure to call defendant's wife even though she had indicated she would not take the stand), or the sort of "second guessing" condemned in this context. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland v. Washington, 466 U.S. 668, 689 (1984). The appeal lacks merit.
 
 
 7
 Accordingly, the district court's judgment is affirmed because the issues raised in the appeal are unsubstantial. In affirming, we do so without prejudice to the right of Adame-Lopez to raise the ineffective assistance of counsel claim in a proper post-conviction proceeding.