51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Joseph CREEDEN, Defendant-Appellant.
 Nos. 94-5915, 94-5916, 94-6022, 94-6023.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 Before: KEITH, MARTIN, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Michael Joseph Creeden appeals his criminal conviction for armed bank robbery, in violation of 18 U.S.C. Secs. 2113(a)(d) and 2, use of a firearm in the commission of a felony, in violation of 18 U.S.C. Secs. 924(c) and 2 and possession of a firearm by a convicted felon, in violation of 18 U.S.C. Secs. 922(g)(1), 924(e)(1). The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Michael Joseph Creeden was charged by separate instruments with a series of robberies that took place in Missouri and Kentucky. Creeden moved to consolidate the actions in the Eastern District of Kentucky and thereafter entered a plea of guilty to three counts noted above. The district court eventually found Creeden guilty based on the agreement and sentenced him to an aggregate term of 240 months imprisonment. Creeden filed two notices of appeal each from the original judgment and the judgment as amended. All four appeals are construed as brought from the amended judgment of conviction and sentence.
 
 
 3
 On appeal, counsel for Creeden filed a motion to withdraw representation as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Creeden was notified that he had until November 21, 1994, to respond to this brief or bring additional matters to the court's attention. Creeden has chosen not to do so.
 
 
 4
 Counsel for Creeden submitted a brief in furtherance of his duty under Anders in which he highlights the voluntary aspect of the guilty plea. In addition, the court has conducted an independent review of the record and law. There are no apparent substantive grounds for disturbing this conviction.
 
 
 5
 In 1993, an Illinois police officer effected a traffic stop of an automobile owned and driven by Michael Millis in which defendant-appellant Creeden was a passenger. The officer issued a warning citation to Millis and noted that the occupants told differing versions of their activities while appearing nervous. The officer ran an identification check and discovered that both Millis and Creeden had extensive criminal histories. The officer eventually conducted a vehicle search followed by a pat-down. These procedures revealed large amounts of cash, ammunition in a clip and the matching pistol under the front seat. Millis and Creeden were placed under arrest and taken to jail.
 
 
 6
 Creeden indicated, while incarcerated, that he wished to speak with federal authorities. The agents arrived and advised Creeden of his Miranda rights. He nevertheless expressed a desire to make a deal and proceeded to confess to his involvement with Millis in bank robberies in St. Louis, Missouri, and Newport, Kentucky, as well as the armed robbery of several SubWay sandwich restaurants.
 
 
 7
 Creeden was eventually charged in the Eastern District of Missouri and in the Eastern District of Kentucky. He was initially taken to Missouri from Illinois but, after preliminary proceedings, moved for a transfer of his case to Kentucky pursuant to Fed.R.Crim.P. 21(b). The case was so transferred. Creeden thereafter entered a plea of guilty, moved to withdraw the plea then moved to withdraw the motion to withdraw. He was thereupon sentenced in accordance with the plea terms, receiving half the time meted out to his co-defendant. Creeden immediately began demanding, once again, to withdraw his plea. This request was denied and the present appeals followed.
 
 
 8
 Counsel notes that the only grounds occurring to him are the constitutionality of the plea and ineffective assistance of counsel. The record and law support the finding that the plea is constitutional and that a claim of ineffective assistance of trial counsel is not cognizable in these appeals. In addition, independent examination confirms counsel's characterization of the appeals as without merit.
 
 
 9
 Creeden pleaded guilty to three different offenses. The language of the plea and indictment tracks that of the corresponding statutes. Jurisdiction therefore, is not an issue in this case and Creeden's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 260-67 (1973).
 
 
 10
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c) and the recitation of the factual basis for the plea. The court accurately related the maximum penalties to which Creeden would be exposed by his plea and determined that he was not under the influence of any drugs. The sentence meted out, 240 months, is the bottom of the range as determined by the pre-plea stipulation (50% of the total possible range) and was not the subject of a contemporaneous objection. Thus, there is no defect in the plea proceedings or sentence. The record is not adequate to address a claim of ineffective assistance of trial counsel; this contention must therefore be pursued in a collateral proceeding under 28 U.S.C. Sec. 2255. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam); United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The appeals lack merit.
 
 
 11
 Accordingly, the district court's amended judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.