73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oji O. SPRAGGINS, Defendant-Appellant.
 No. 95-3578.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: BROWN, SILER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a judgment and commitment order in a criminal case in which counsel for the defendant-appellant moves to withdraw representation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Oji Spraggins was named in a one count information charging him with postal theft by a postal employee, in violation of 18 U.S.C. Sec. 1709. Spraggins later entered into an agreement to plead guilty to the charge. The district court accepted Spraggins's plea and ultimately sentenced Spraggins to a 12 month term of imprisonment. This appeal followed.
 
 
 3
 Counsel for Spraggins filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit, and Anders v. California, 386 U.S. 738 (1967). Spraggins was served with this motion and a copy of the brief and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). Spraggins did respond and set forth his objections to the proceedings in the district court.
 
 
 4
 Spraggins admitted he unlawfully intercepted credit cards during his employment with the United States Postal Service in Gahanna and Columbus, Ohio. Spraggins admitted to stealing 30 to 50 credit cards, fraudulently using them for purchases and cash advances, and occasionally enlisting others to assist him in this scheme.
 
 
 5
 Spraggins entered into an agreement to plead guilty to a violation of 18 U.S.C. Sec. 1709 committed in the Southern District of Ohio. Jurisdiction is not an issue in this case and Spraggins's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 6
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c). The court elicited a recitation of the factual basis for the plea, accurately related the maximum penalties to which Spraggins would be exposed, and determined that Spraggins had the apparent capacity to enter the guilty plea. There are no defects apparent in the plea proceedings.
 
 
 7
 Spraggins was sentenced under the guidelines. The record shows that Spraggins and his trial counsel were provided with a copy of the presentence report and that the court denied their only objection to the preliminary sentence calculation. The court sentenced Spraggins to restitution and 12 months incarceration, a sentence at the higher end of the guideline range.
 
 
 8
 Spraggins and his counsel (in compliance with Anders ) assert that the district court's ruling on the sole objection to the calculation of the base offense level may have been reversible error. Spraggins's plea agreement contained an original estimate of the amount of loss involved at $7,142.31. The parties agree that Spraggins's guideline sentence range under this calculation (offense level 10 and criminal history category I) was 6-12 months.
 
 
 9
 At some later point in the proceedings, however, the amount of loss was pegged at $10,642.31. Counsel for Spraggins lodged an objection, claiming that this latter information was obtained during the debriefings and was therefore excludable pursuant to the plea agreement and USSG Sec. 1B1.8.
 
 
 10
 The district court conducted an evidentiary hearing to determine the source of the information. The court found that the cash advance information was not privileged under Sec. 1B1.8, the amount of loss was set at $10,642.31. The new sentencing range (offense level 11 and criminal history category I) was 8-14 months. The court proceeded to sentence Spraggins to a 12 month term of incarceration.
 
 
 11
 Appellate review of a guideline sentence is generally governed by 18 U.S.C. Sec. 3742. Under Sec. 3742, this court will review de novo a sentencing court's interpretation of the guideline, but will review findings of fact for clear error only. United States v. Watkins, 994 F.2d 1192, 1195 (6th Cir.1993). There is ample factual support in the record for the conclusion that the discovery of the additional $3,500 loss was the result of an investigation that was initiated before, and independently of, Spraggins's post-plea debriefings.
 
 
 12
 Spraggins's pro se appellate filing contains a brief reference to the district court's having erroneously neglected to reduce his base offense level in recognition of Spraggins's "timely plea of guilty." The record is clear, however, that the court did award Spraggins a two level reduction for acceptance of responsibility.
 
 
 13
 Finally, counsel's Anders brief contains a conclusory suggestion that Spraggins may argue ineffective assistance of trial counsel. Ordinarily, a claim of ineffective assistance of trial counsel is not cognizable on direct appeal. United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982). The exception to this rule arises when the record is clearly adequate to address the merits of the allegation. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 14
 In the case at bar, there is absolutely nothing of record to merit consideration under Wunder or relief under the Strickland/Hill test. Spraggins agreed to plead guilty to a crime he undoubtedly committed and received a sentence within the limits of his plea agreement. There is no evidence of error in the proceedings or in the performance of counsel. The appeal lacks merit.
 
 
 15
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.