82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel A. SPIVA, Defendant-Appellant.
 No. 95-5530.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1996.
 
 Before: MARTIN and MOORE, Circuit Judges; and JOINER,* District Judge.
 PER CURIAM.
 
 
 1
 On January 5, 1995, Samuel Spiva was convicted on one count of possession with intent to distribute cocaine. Because he had previously been convicted of another drug felony, Spiva was sentenced to ten years' imprisonment. The district court also ordered Spiva to forfeit $1125 believed traceable to drug dealings, to serve eight years on supervised release, and to pay a $50 special assessment. In a pro se filing and through his attorney, Spiva raises eleven issues on appeal. Each of Spiva's eleven contentions is patently without merit, and we AFFIRM Spiva's conviction, his sentence, and the district court's order of forfeiture.
 
 
 2
 Spiva's latest relationship with the criminal justice system began when the Lexington, Kentucky, police received an anonymous tip that an individual meeting Spiva's description was selling crack cocaine near the swing sets of a city park. Upon arriving at the scene, police observed Spiva standing with a group of young men. When the police exited their vehicles and announced themselves, however, Spiva ran into a nearby housing project. As the defendant fled, police noticed Spiva "put both of his hands in his jacket pocket and was shuffling with his hands in his pockets as he was running." An officer, after briefly losing sight of the defendant, then saw Spiva momentarily stopped near a bush. After eventually subduing the suspect, the police returned to that bush and discovered a plastic bag containing 41.4 grams of cocaine base hidden in the shrubbery. A search of the defendant's person revealed a beeper/pager and $870 in small bills that Spiva claimed were earned shooting craps and cutting grass. An additional $345 in cash was also recovered in the immediate area.
 
 
 3
 Expert testimony offered at trial confirmed that the substance found in the bush by the police was cocaine base. Tests also revealed that powder residue found in the pockets of Spiva's jacket tested positive for the presence of cocaine.
 
 
 4
 On appeal, Spiva challenges the sufficiency of the evidence used to convict him. Specifically, he alleges that discovery of cocaine residue in his jacket pockets could not alone justify the conviction and that his mere presence at the site of the alleged drug sales cannot support a finding of criminal guilt. In addition to those incriminating pieces of the evidentiary puzzle, however, Spiva was also found with a large amount of cash and was observed moments before his arrest at the very location where a bag of cocaine base was found. The combination of these pieces of circumstantial evidence is sufficient to justify any rational trier of fact in finding the defendant guilty of possession of cocaine base with intent to distribute beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 Spiva also argues that a peremptory challenge to an African-American juror exercised by the prosecution violated the equal protection principles espoused in Batson v. Kentucky, 476 U.S. 79 (1986). The district court, however, sensitive to the fact that only two African-Americans were included among the thirty-four members of the jury pool, disallowed the United States' challenge and, in fact, seated the juror in question. This issue, therefore, does not present a basis for reversal of the conviction.
 
 
 6
 Similarly without merit is Spiva's assertion that the district court should have issued a pretrial ruling on whether evidence of the defendant's previous drug conviction would be admissible for impeachment purposes. In Luce v. United States, 469 U.S. 38, 43 (1984), the Supreme Court succinctly held "that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Because Spiva chose not to testify on his own behalf in this case, we are unable to examine the defendant's claim in a "specific factual context." Id. (Brennan, J., concurring).
 
 
 7
 Spiva next takes issue with the district court's refusal to charge a specially requested instruction on constructive possession of contraband. To the extent that the requested charge is an accurate statement of the law, the legal principles embodied in that request were also contained in the instruction given by the court from § 2.10 of the Sixth Circuit Pattern Criminal Jury Instructions (1991). The district court did not err, therefore, by refusing to instruct the jury in accordance with the requested charge. United States v. Williams, 952 F.2d 1504, 1512 (6th Cir.1991).
 
 
 8
 In his final challenge to his drug conviction, Spiva alleges double jeopardy principles should lead to a reversal of his conviction because the district court's order of forfeiture constitutes prohibited additional punishment for the same offense. The United States, however, sought the forfeiture penalty and the criminal penalty in the same proceeding. Under such circumstances, no double jeopardy concerns are implicated as long as the total punishment imposed does not exceed that authorized by Congress. Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937, 1945 (1994); United States v. Halper, 490 U.S. 435, 450 (1989).
 
 
 9
 Spiva also raises numerous challenges to the ten-year prison sentence imposed by the district court. He first insists that the mandatory minimum sentence provisions of 21 U.S.C. § 841(b)(1)(B) are unconstitutional because they result in punishment that is grossly disproportionate to the severity of the crime committed. In United States v. Thomas, 49 F.3d 253, 261 (6th Cir.1995), we reiterated our position that we "will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." Furthermore, even under the analysis suggested in Justice Kennedy's concurrence in Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring), a ten-year prison sentence for an individual twice convicted of possession of narcotics with intent to deliver is not "grossly disproportionate" to the crime committed.
 
 
 10
 Spiva's additional allegations of sentencing errors are similarly without merit. First, despite the defendant's claims to the contrary, the United States fulfilled the presentence requirements of 21 U.S.C. § 851 when it filed an information before trial, listing the defendant's prior conviction it would rely upon in seeking enhanced punishment for the charged offense. Next, although the district court did not specifically ask Spiva if he was in fact previously convicted of the offense listed in the information, as required by Section 851(b), the court determined that the defendant did not object to the presentence report referencing that very conviction. Moreover, because the prior conviction occurred more than five years before the present offense, the provisions of Section 851(e) precluded the defendant from challenging the validity of the earlier conviction in any event.
 
 
 11
 Spiva claims next that the United States improperly used the prior drug conviction in calculating his criminal history category. No such error in the calculation occurred. Even if an error had been committed, however, we would consider it harmless because Spiva was still sentenced as a category I offender, the lowest available classification under the Sentencing Guidelines.
 
 
 12
 In his last challenge to the sentence imposed upon him, Spiva argues that the district court erred in failing to state its reasons for the selection of the particular period of imprisonment within the applicable sentencing range. The provisions of 18 U.S.C. § 3553(c)(1) call upon a sentencing court to articulate its "reason for imposing a sentence at a particular point within the range," but only if "that range exceeds 24 months." The applicable sentencing range for a level 30, criminal history category I offender encompasses exactly a 24-month span. The district court was, therefore, not required to provide a more explicit statement of its reasons for sentencing Spiva to a particular sentence within the applicable range.
 
 
 13
 In a final issue on appeal, Spiva for the first time maintains that his trial counsel provided him with ineffective legal assistance. The record before us is not adequate to address Spiva's Sixth Amendment claims. For that very reason, we generally do not review ineffective assistance of counsel claims that have not been raised initially in the district court, United States v. Hill, 688 F.2d 18, 21-22 (6th Cir.), cert. denied, 459 U.S. 1074 (1982), and we refrain from doing so now.[2] Spiva may pursue his ineffective assistance of counsel claim through the filing of a post-conviction proceeding under 28 U.S.C. § 2255.
 
 
 14
 In conclusion, we find no merit to any issue raised on this appeal. Spiva's conviction and sentence, and the district court's order of forfeiture are, therefore, AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 United States v. Thomas, 74 F.3d 701, 715 (6th Cir.1996) (stating that ineffective assistance of counsel claims may be heard on direct appeal "where the record has been sufficiently developed so as to allow us to evaluate counsel's performance"). No such development of the record has occurred here